## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IRMA MENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FIESTA DEL NORTE HOME OWNERS | ) |
| ASSOCIATION et al., | ) |
| | ) |
| Defendants. | ) |

No.: 2:15-cv-00314-RCJ-NJK

**ORDER**

This case arises out of a homeowner's association foreclosure sale.  Pending before the Court are two Motions to Dismiss (ECF Nos. 11, 14).  For the reasons given herein, the Court grants the first motion in part, with leave to amend in part, and denies the second motion.

I.      **FACTS AND PROCEDURAL HISTORY**

In 2005, Plaintiff Irma Mendez purchased a piece of real property (the "Property") for $315,000, giving the lender a promissory note for $252,792 and a deed of trust against the Property securing the note. (*See* Compl. ¶¶6, 18–19, ECF No. 1).  Defendant Alessi & Koenig, on behalf of Defendant Fiesta Del Notre HOA, caused to be recorded a notice of delinquent assessment lien on March 13, 2013, caused to be recorded a notice of default and election to sell under homeowners association lien on July 5, 2013, and caused to be recorded a trustee's deed upon sale on March 3, 2014 after a trustee's sale. (*See id.* ¶¶ 26–30).

Plaintiff sued Alessi & Koenig, the HOA, Complete Management Co., LLC ("CMC"), Absolute Business Solutions, Inc. ("ABS"), and Amir Hujjuttallah in this Court *in pro se* on eight causes of action: (1) wrongful foreclosure; (2) violations of constitutional rights; (3) Nevada Unfair Trade Practices Act ("NUTPA"); (4) Fair Debt Collection Practices Act ("FDCPA"); (5) Fraud; (6) Unjust Enrichment; (7) Racketeering; and (8) Breach of Contract and Fiduciary Duties.  CMC has moved to dismiss for failure to state a claim, and the HOA and Alessi & Koenig have joined the motion.  ABS and Hujjuttallah have separately moved to dismiss under *Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1942), and the HOA has joined the motion.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary

judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.   ANALYSIS

In their motion to dismiss, which is joined by the HOA, ABS and Hujjuttallah argue that because certain Defendants brought a quiet title action in state court before Plaintiff brought the present action here, the Court should exercise its discretion to decline jurisdiction under *Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1942).  The *Brillhart* doctrine, however, only applies to declaratory judgment actions. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005).  This case involves no quiet title or declaratory judgment claim.  Movants do not argue under the prior exclusive jurisdiction rule, Nevada Rule of Civil Procedure 13(a), or under any other doctrine.  The Court therefore denies the motion.

In its motion to dismiss, CMC, joined by the HOA and Alessi & Koenig, asks the Court to dismiss each claim on the merits.  The Court grants the motion in part, with leave to amend in part.

### A.      Wrongful Foreclosure

Although the first cause of action for wrongful foreclosure asserts various theories elsewhere pled, it appears to be based on the argument that "[t]he foreclosure was wrongful because it violated 15 USC 1692f § (6)(a)." (Compl. ¶ 32).  The FDCPA claim is separately pled. Elsewhere in the Complaint, Plaintiff alleges that she attempted to pay the delinquent dues but

that her attempts were rejected, (*see* Compl. ¶¶ 217–218), making it plausible at the pleading stage that Defendants foreclosed without any true default, which is the essence of a common law wrongful foreclosure action, *see Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 662 P.2d 610, 623 (Nev. 1983). The Court will therefore not dismiss this claim at this time.

> ### B.    42 U.S.C. § 1983

The second cause of action for violations of various constitutional rights is dismissed without leave to amend. No Defendant is a state actor. Although an HOA can be a state actor for the purposes of 42 U.S.C. § 1983 when it performs a traditional government function, non-judicial foreclosure sales by private lien-holders are not traditional government functions. *Apao v. Bank of N.Y.*, 324 F.3d 1091, 1093–95 (9th Cir. 2003). An HOA conducting (for some reason) a non-judicial foreclosure sale based on a municipal tax lien might satisfy the test, because such sales are traditionally conducted by sheriff's offices or constables, but that is not the case here.

> ### C.    NUTPA

The third cause of action arises under NUTPA. Apart from the criminal statues cited, which cannot be privately enforced, Plaintiff claims violations of NRS sections 598A.060(1)(12) and 598.0915(1) and (15).

Section 598A.060(1)(12) makes unlawful "Bid rigging, including the misuse of bid depositories, foreclosures of competitive activity for a period of time, rotation of jobs among competitors, submission of identical bids, and submission of complementary bids not intended to secure acceptance by the customer." Nev. Rev. Stat. § 598A.060(1)(12). Plaintiff has sufficiently alleged bid rigging against Alessi & Koenig under NUTPA. An allegation of the sale of the Property for approximately 10% of its fair market value, when that sale was

conducted in the private offices of the auctioneer, is sufficient to make a bid rigging claim plausible. (*See* Compl. ¶¶ 71–78).

Section 598.0915(1) makes it a "deceptive trade practice" to "Knowingly pass[] off goods or services for sale or lease as those of another person." Nev. Rev. Stat. § 598.0915(1). Plaintiff alleges that Alessi & Koenig violated this statute when it placed the proceeds of the auction into its own account before first paying off the HOA lien and then distributing the remainder, if any, to the junior lienors and homeowner. The Court finds that the alleged conduct does not violate the statute, and Defendants are entitled to dismissal, without leave to amend, as to this aspect of the NUTPA claim.

Section 598.0915(15) makes it unlawful to "Knowingly make[] any other false representation in a transaction." *Id.* § 598.0915(15). Plaintiff alleges that Alessi & Koenig violated this statute when it rigged the foreclosure sale bids and told investors that the Property would be free and clear of the first mortgage, knowing that was false. The Court dismisses this aspect of the claim, with leave to amend. The bid-rigging claim is elsewhere pled, and a statement that the Property would be free and clear of the first mortgage was until recently hotly contested such that an opinion either way could not have constituted a fraud or deception. The Nevada Supreme Court has since ruled in accordance with the representations made here, so they were not untrue at all. *See SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 419 (Nev. 2014) ("NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust.").

D. **FDCPA**

The fourth cause of action arises under FDCPA. Plaintiff alleges violations of several provisions of the statute.

Plaintiff first alleges a violation of 15 U.S.C. § 1692d by advertising Plaintiff's name as the defaulted borrower publicly after "irrational and deceptive responses via phone, and by mail when Plaintiff sought to resolve the matter."  This claim is dismissed, with leave to amend. There is no allegation of threats, violence, obscenities, profanities, publications of lists of debtors, advertisement of debt for sale to coerce payment (as opposed to notices required under state law), continuous phone calls to harass, or phone calls without disclosure of the caller's identity.

Plaintiff next alleges violations of § 1692e(2) and (4)–(11) based on "false or misleading representations.  Of the cited subsections, only subsections (2), (6), (7), (10), (12), and (13) concern false representations, and Plaintiff has not identified which false representations are alleged to have violated which provisions.  The Court dismisses this aspect of the claim, with leave to amend.

Plaintiff next alleges violations of § 1692f(1) and (6).  She alleges a violation of subsection (1), which prohibits the collection of any amount not expressly authorized by the agreement creating the debt or permitted by law, via attempting to collect more than the past-due assessments of $25 per month.  Although collection costs may have been permitted by CC&R or by law, at the pleading stage, Plaintiff has sufficiently alleged that they were not.  The Court cannot dismiss this aspect of the claim.  Plaintiff also alleges a violation of subsection (6), which prohibits non-judicial action against property if there is no enforceable security interest, no present intention to take the property, or the property is exempt by law from such disposition. The Court dismisses this aspect of the claim, without leave to amend.  Plaintiff alleges the prohibition applies because "Plaintiff has a security interest holding the collateral," i.e., her bank

had a security interest in the Property securing her debt to the bank.  That allegation does not implicate the statute.

Plaintiff next alleges a violation of § 1692g(c), which prohibits courts from construing failures to dispute the validity of their debts as admissions of liability.  The section creates no cause of action.

Plaintiff next notes that § 1692i(b) provides that FDCPA is not to be construed to create causes of action for debt collectors to sue debtors.  Plaintiff does not allege, however, that Alessi Koenig sued her under FDCPA, and even if it had, this Court would not have appellate jurisdiction over the ruling of another court permitting such a claim to proceed.

Plaintiff next alleges a violation of § 1692j(a), which prohibits designing, compiling, and furnishing any form knowing that it would be used to create the false belief in a consumer that a person other than the creditor is participating in the collection.  Plaintiff alleges no facts in support.  The claim is dismissed, with leave to amend.

Plaintiff next alleges a violation of § 1692k.  This section simply governs civil liability for violations of the proceeding sections and is not a stand-alone cause of action.

**E.     FRAUD**

The fifth cause of action for "fraud" invokes various criminal statutes that Plaintiff cannot privately enforce.  This claim is dismissed, with leave to amend to plead a common law fraud claim.

**F.     UNJUST ENRICHMENT**

The sixth cause of action is for unjust enrichment against Hujjuttallah.  The Court dismisses the claim without leave to amend.  An unjust enrichment claim cannot lie except where the plaintiff alleges that he or she bestowed a benefit upon the defendant that in equity belongs to

the plaintiff. *See Leasepartners Corp., Inc. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (quoting *Unionamerica v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981) (quoting *Dass v. Epplen*, 424 P.2d 779, 780 (Colo. 1967))); Restatement (First) of Restitution § 1 cmt. b (1937). Although the far-below-market-price paid by Hujjuttallah casts serious doubt upon the commercial reasonableness and therefore the validity of the foreclosure sale, he cannot say to have been unjustly enriched in the legal sense.

   G.   **RACKETEERING**

   The seventh cause of action for racketeering is based upon Plaintiff's allegations that Alessi & Koenig bribed HOA managers in return for the HOAs purchasing Alessi & Koenig's collection and foreclosure services.  The Court dismisses this claim without leave to amend. Plaintiff has alleged no harm to her from the alleged conspiracy, and the nature of the allegations shows that she cannot allege any such harm.  The object of the alleged RICO conspiracy was not to cause unlawful foreclosures, but to obtain business (to conduct presumably lawful foreclosures) through illegal bribes.  Those potentially harmed by such a conspiracy are Alessi & Koenig's competitors for HOAs' business, not homeowners.  Even if the Court or a jury were to find that the foreclosure in this case was unlawful, that unlawfulness was not the object of the alleged conspiracy.  The proper causes of action relating to that alleged unlawfulness are elsewhere pled.  Also, Plaintiff's allegation that Defendants' plan to foreclose based on delinquent HOA dues under NRS section 116.3116 and then to argue in court that the foreclosure extinguished the first mortgage is no allegation of illegal activity.  Moreover, it is no allegation of wrongdoing as to Plaintiff.  If anything it is an allegation of wrongdoing as to the first mortgage holder.  But it is not that, either.  HOA foreclosure purchasers and first mortgagees fought that battle in the state and federal courts, and the former group eventually won in the

Nevada Supreme Court.  It was in no way unlawful for those investors to gamble on an improbable interpretation of the statute.  Again, far-below-market-prices paid by purchasers at HOA auctions carried out in Alessi & Koenig's own office, especially when conducted after the Nevada Supreme Court announced the rule that section 116.3116 extinguished first mortgages, casts grave doubt upon the commercial reasonableness of such a foreclosure sale, but it does not implicate the RICO statute.  This claim is dismissed, without leave to amend.

### H.    BREACH OF CONTRACT AND FIDUCIARY DUTY

The eighth cause of action is for breach of contract or breach of fiduciary duty.  The HOA is not a fiduciary of its members with respect to collecting payments but only perhaps with respect to managing the payments already made.  The Court will therefore dismiss the breach of fiduciary duty claim without leave to amend.  The Court will not dismiss the breach of contract claim at this time, however.  As with the wrongful foreclosure claim, CMC argues that the HOA's policy is to require CMC to direct all untimely payments to Alessi & Koenig.  That policy, however, may or may not be consistent with the CC&R, which is presumably the contract invoked.  Eventually, the Court or a jury will have to sort out what contracts are in place and whether they were breached by the non-acceptance of the untimely payments, but at the pleading stage, the Court will not dismiss the breach of contract claim.

///

///

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 11) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 14) is GRANTED IN PART and DENIED IN PART, with leave to amend in part.

IT IS SO ORDERED.

Dated this 12th day of May, 2015.

_____
ROBERT C. JONES
United States District Judge