# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

IRMA MENDEZ,

        Plaintiff,

vs.

FIESTA DEL NORTE HOME OWNERS ASSOCIATION et al.,

        Defendants.

No.: 2:15-cv-00314-RCJ-NJK

**ORDER**

This case arises out of a homeowners' association foreclosure sale. Pending before the Court are three Motions to Dismiss (ECF Nos. 45, 47, 55). For the reasons given herein, the Court grants the motions in part and denies them in part.

## I.     FACTS AND PROCEDURAL HISTORY

In 2005, Plaintiff Irma Mendez purchased a piece of real property (the "Property") for $315,000, giving the lender a promissory note for $252,792 and a deed of trust against the Property securing the note. (*See* Compl. ¶¶6, 18–19, ECF No. 1). Defendant Alessi & Koenig, on behalf of Defendant Fiesta Del Notre HOA (the "HOA"), caused to be recorded a notice of delinquent assessment lien on March 13, 2013, caused to be recorded a notice of default and election to sell under homeowners association lien on July 5, 2013, and caused to be recorded a trustee's deed upon sale on March 3, 2014 after a trustee's sale. (*See id.* ¶¶ 26–30).

Plaintiff sued Alessi & Koenig, the HOA, Complete Management Co., LLC ("CMC"), Absolute Business Solutions, Inc. ("ABS"), and Amir Hujjuttallah in this Court *in pro se* on eight causes of action: (1) wrongful foreclosure; (2) violations of constitutional rights; (3) Nevada Unfair Trade Practices Act ("NUTPA"); (4) Fair Debt Collection Practices Act ("FDCPA"); (5) Fraud; (6) Unjust Enrichment; (7) Racketeering; and (8) Breach of Contract and Fiduciary Duties. CMC moved to dismiss for failure to state a claim, and the HOA and Alessi & Koenig joined the motion. ABS and Hujjuttallah separately moved to dismiss under *Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1942), and the HOA joined the motion. The Court denied the second motion but granted the first motion in part, with leave to amend in part. Specifically, the Court dismissed the claims for unjust enrichment, racketeering, breach of fiduciary duty, and the claims under Nevada Revised Statutes sections ("NRS") 598.0915(1) and (15), 42 U.S.C. § 1983, and 15 U.S.C. §§ 1692f(6), 1692g(c), 1692i(b), and 1692k, without leave to amend. The Court dismissed the claim for fraud and the claims under 15 U.S.C. §§ 1692d, 1692e, and 1692j(a), with leave to amend. The Court refused to dismiss the claims for wrongful foreclosure and breach of contract and the claims under NRS 598A.060(1)(12) and 15 U.S.C. § 1692f(1).

Plaintiff has filed the First Amended Complaint ("FAC"), listing five causes of action: (1) wrongful foreclosure; (2) NUTPA; (3) FDCPA; (4) Fraud; and (5) Breach of Contract. CMC has filed two identical (or nearly identical) motions to dismiss the FAC, and the HOA has joined the first motion. Alessi & Koenig has filed a separate motion to dismiss, which the HOA has joined.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

(1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).  Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor

premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.   ANALYSIS**

   **A.   Wrongful Foreclosure**

Plaintiff alleges that she attempted to pay the delinquent dues to CMC but that her attempts were rejected. (*See* First Am. Compl. ¶¶ 33, 50). CMC notes that under state law Alessi & Koenig, not CMC, was the collection agent authorized to receive past due payments. CMC bases this argument on the fact that CMC has no license to operate as a collection agency, as required under NRS 649.075. The Court rejects this argument. Simply because CMC was not

licensed does not mean that it was not an agent of the HOA for the purposes of collecting both currently due and past due HOA assessments.  Moreover, Plaintiff points out that a community manager such as CMC is specifically prohibited by Nevada law from "[r]efus[ing] to accept from a unit's owner payment of any assessment, fine, fee or other charge that is due because there is an outstanding payment due." Nev. Rev. Stat. § 116A.640(9).  Plaintiff also alleges that CMC was Alessi & Koenig's agent. (*See id.* ¶ 31).  Although the claim includes many irrelevant allegations, Plaintiff has sufficiently alleged a wrongful foreclosure, and the Court will not dismiss the claim.  The Court also denies Alessi & Koenig's motion, because Plaintiff has sufficiently alleged having attempted to pay the delinquent fees before the foreclosure sale to CMC, who Plaintiff alleges was Alessi & Koenig's agent.

### B.     NUTPA

Plaintiff alleges a violation of NRS 598A.060(1)(12), which makes unlawful "Bid rigging, including the misuse of bid depositories, foreclosures of competitive activity for a period of time, rotation of jobs among competitors, submission of identical bids, and submission of complementary bids not intended to secure acceptance by the customer." Nev. Rev. Stat. § 598A.060(1)(12).  Plaintiff has sufficiently alleged bid rigging against Alessi & Koenig under NUTPA.  An allegation of the sale of the Property for approximately 10% of its fair market value conducted in the private offices of the auctioneer is sufficient to make a bid rigging claim plausible. (*See* First Am. Compl. ¶¶ 65–79).

### C.     FDCPA

Plaintiff alleges violations of 15 U.S.C. §§ 1692d, 1692f, and 1692g.  Plaintiff first alleges a violation of 15 U.S.C. § 1692d against Alessi & Koenig based on its having attempted to collect the debt over the telephone without disclosing that it was a debt collector.  No

provision of § 1692d appears to govern such a claim.  The Court therefore dismisses this part of the claim.

Next, Plaintiff alleges violations of § 1692f(1) against all Defendants.  That subsection prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).  Plaintiff alleges that the Notice of Default indicated she owed $1,378.81, but the monthly assessments were only $25 per month, such that the most due should have been $150. (*See* First Am. Compl. ¶ 84).  She alleges that the additional fees and collection costs were added as an "unfair or unconscionable means" under § 1692f to discourage or make impossible such a payment before foreclosure. (*See id.*). CMC argues that this claim should be dismissed as against CMC because CMC did not foreclose on the home.  The documents attached to the FAC indeed make clear that Absolute Collection Services, LLC ("ACS") and Alessi & Koenig conducted the complained-of collection activities on behalf of the HOA, and there is no indication of CMC's involvement. (*See* Notice of Delinquent Assessment Lien, ECF No. 43, at 66 (ACS); Notice of Delinquent Assessment Lien, ECF No. 43, at 69 (Alessi & Koenig); Notice of Default and Election to Sell, ECF No. 43, at 71 (Alessi & Koenig); Notice of Trustee's Sale, ECF No. 43, at 73 (Alessi & Koenig)).  The Court therefore grants the motion as to CMC, without leave to amend, but denies the motion as to the HOA and Alessi & Koenig.  The HOA and Alessi & Koenig have been sufficiently alleged to have attempted to collect amounts not authorized by law or contract as specifically prohibited by § 1692f(1) and to have also violated the generally applicable rule against unfair or unconscionable debt collection in § 1692f.

Finally, Plaintiff alleges violations of § 1692g(c) against all Defendants. Plaintiff had no leave to amend that dismissed claim. The Court therefore dismisses this claim as against all Defendants.

### D.   FRAUD

Plaintiff alleges Defendants misrepresented the amount of the debt owed and committed fraud by taking the property over a small debt. Plaintiff alleges no reliance on the misrepresentation, however. For example, she does not allege that she paid the amount represented to be owed, but that Defendants foreclosed anyway because in fact a greater amount was owed. In other words, she does not allege to have been intentionally tricked to her detriment. Her claims sound in wrongful foreclosure, unfair trade practices, and unfair debt collection practices, not fraud. The Court dismisses this claim as to all Defendants, without leave to amend.

### E.   BREACH OF CONTRACT

The breach of contract claim is brought only against CMC and the HOA.[1] Plaintiff alleges that the "HOA manager" (presumably meaning CMC) rejected her tender of two late assessments because the account had been turned over to "collections" (presumably meaning ABS or Alessi & Koenig). (*See* First Am. Compl. ¶ 96). As noted, *supra*, NRS 116A.640 specifically prohibits a community manager such as CMC from rejecting a tender of an assessment simply because it is late, and it prohibits the collections of fees or other charges from a client not specified in the management agreement. A breach of contract claim cannot stand on these bases, however. The first issue—wrongful rejection of the tender of a delinquent amount—is a matter of wrongful foreclosure. The second issue—a community manager's

---

1 The heading of the claim states that it is only brought against the HOA, but the claim clearly implicates CMC, as well.

charging of fees not specified in a management agreement—concerns charges by a community manger to an HOA ("a client") not authorized in the management agreement between them, as opposed to charges by a community manager (on behalf of an HOA) to a homeowner not authorized in the CC&R. *See* Nev. Rev. Stat. § 116A.640(10).

Plaintiff also alleges the HOA violated its own rules indicating that a lien is placed only after two billing cycles. But an HOA's lien is automatic and immediate upon any delinquency. *See* Nev. Rev. Stat. § 116.3116(1) ("The association has a lien on a unit for . . . any assessment levied against that unit . . . from the time the . . . assessment . . . becomes due."). Such a lien is perfected as against other interests in the property as of the date the CC&R is recorded, so any such lien will necessarily be perfected when it arises, except where an HOA has failed to record the CC&R before it begins collecting assessments thereunder, a circumstance this Court has never encountered. *See id.* § 116.3116(5).

Plaintiff also alleges the HOA violated NRS 116.3106, 116.31065, and 116.3108 as to its adoption of bylaws, rules, and its conduct of meetings. Although Plaintiff does not explain how any of that harmed her, Plaintiff also alleges that the CC&R in fact require a 67% vote of the homeowners for the HOA to foreclose on Plaintiff's property, and that there was no such vote. (*See* First Am. Compl. ¶ 108). That allegation is sufficient to allege a breach of contract as against the HOA, but CMC and Alessi & Koenig are not alleged to have been parties to the CC&R. In summary, the breach of contract claim survives the motion to dismiss as against the HOA.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 45, 47, 55) are GRANTED IN PART and DENIED IN PART.  The Court dismisses the claim under § 1692d against Alessi & Koenig, the claim under § 1692f against CMC, the claim under § 1692g(c) against all Defendants, the fraud claim against all Defendants, and the breach of contract claim against CMC and Alessi & Koenig, without leave to amend.

IT IS SO ORDERED.

Dated this 26th day of August, 2015.

_____
ROBERT C. JONES
United States District Judge