UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IRMA MENDEZ,<br><br>            Plaintiff,<br><br>vs.<br><br>FIESTA DEL NORTE HOME OWNERS<br>ASSOCIATION, et al.,<br><br>            Defendants. | Case No. 2:15-cv-00314-RCJ-NJK<br><br>ORDER<br><br>(Docket No. 97) |

Pending before the Court is Plaintiff Irma Mendez's fourth motion for the issuance of a subpoena. Docket No. 97. For the reasons discussed below, Plaintiff's motion is hereby **GRANTED**.

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas to non-parties. Such subpoenas may issue from the Court, signed by the Court Clerk or an attorney authorized to practice before the Court. Fed. R. Civ. P. 45(a)(3). *Pro se* litigants need the Court Clerk to issue a subpoena. *Alcon v. Bright*, 2015 WL 5559896, at *2 (N.D. Cal. Sept. 18, 2015). In accordance with Rule 45(a)(3), "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it[, and ] that party must complete it before service." Fed. R. Civ. P. 45(a)(3).

Here, Plaintiff seeks to subpoena one non-party: Michele Shafer. Docket No. 97 at 7. Accordingly, the Court "will grant [Plaintiff's] request [for issuance of a subpoena] and direct the Clerk of Court to issue the subpoena in blank and [send] it to Plaintiff to fill out." *Banks v. Joyce*, 2014 WL 7330938, at *1 (D. Nev. Dec. 19, 2014) (Leen, M.J.). "This practice is not uncommon in this district." *Antonetti v. Neven*, 2014 WL 1089661, at *2 (D. Nev. Mar. 18, 2014) (citing *McCurdy v. N. Las Vegas*

*Officer Johnson*, No. 08-cv-1767-JAD-PAL (Docket No. 84 at 5-6) (D. Nev. Aug. 23, 2013) (Leen, M.J.) (ordering the Clerk of Court to "issue a subpoena duces tecum and send it to the Plaintiff who shall describe the documents he is requesting and serve it on [opposing] counsel"). Plaintiff is advised that she must comply fully with Rule 45. *Banks*, 2014 WL 7330938, at *1 (D. Nev. Dec. 19, 2014) (telling *pro se* Plaintiff to carefully read the same).[1]

In her motion, Plaintiff makes numerous allegations against numerous people that are irrelevant to her request for a subpoena. The Court ADMONISHES Plaintiff and ORDERS that the motions she files must be carefully crafted to request the relief she seeks, and only the relief she seeks. Any violations of this order in the future may subject Plaintiff to sanctions.

IT IS SO ORDERED:

1. Plaintiff's motion (Docket No. 97) is **GRANTED** to the extent that the Clerk of Court shall issue a blank subpoena on form AO 88A, and mail it to Plaintiff.

2. To the extent Plaintiff requests any relief other than the issuance of a blank subpoena, that request is **DENIED**.

DATED: February 3, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The Court expresses no opinion as to whether the subpoena requested is appropriate and/or timely. Nothing in this shall order be construed as preventing the subpoena recipient from filing any motions she deems appropriate.