**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IRMA MENDEZ, ) | Case No. 2:15-cv-00314-RCJ-NJK |
| Plaintiff, ) | |
| vs. ) | ORDER |
| ) | |
| FIESTA DEL NORTE HOME OWNERS ) ASSOCIATION, et al., ) | (Docket No. 100) |
| Defendants. ) | |

Pending before the Court is Plaintiff Irma Mendez's fifth motion for the issuance of a subpoena. Docket No. 100. For the reasons discussed below, Plaintiff's motion is hereby **GRANTED**.

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas to non-parties. Such subpoenas may issue from the Court, signed by the Court Clerk or an attorney authorized to practice before the Court. Fed. R. Civ. P. 45(a)(3). *Pro se* litigants need the Court Clerk to issue a subpoena. *Alcon v. Bright*, 2015 WL 5559896, at *2 (N.D. Cal. Sept. 18, 2015). In accordance with Rule 45(a)(3), "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it[, and ] that party must complete it before service." Fed. R. Civ. P. 45(a)(3).

Here, Plaintiff seeks to subpoena one non-party: Joel Stokes. Docket No. 100 at 5. Accordingly, the Court "will grant [Plaintiff's] request [for issuance of a subpoena] and direct the Clerk of Court to issue the subpoena in blank and [send] it to Plaintiff to fill out." *Banks v. Joyce*, 2014 WL 7330938, at *1 (D. Nev. Dec. 19, 2014) (Leen, M.J.). "This practice is not uncommon in this district." *Antonetti v. Neven*, 2014 WL 1089661, at *2 (D. Nev. Mar. 18, 2014) (citing *McCurdy v. N. Las Vegas Officer Johnson*, No. 08-cv-1767-JAD-PAL (Docket No. 84 at 5-6) (D. Nev. Aug. 23, 2013) (Leen, M.J.) (ordering the Clerk of Court to "issue a subpoena duces tecum and send it to the Plaintiff who shall describe the documents he is requesting and serve it on [opposing] counsel"). Plaintiff is advised that

she must comply fully with Rule 45. *Banks*, 2014 WL 7330938, at *1 (D. Nev. Dec. 19, 2014) (telling *pro se* Plaintiff to carefully read the same).[1]

In her motion, Plaintiff makes numerous allegations against numerous people that are irrelevant to her request for a subpoena. The Court has previously ADMONISHED Plaintiff and ORDERED that the motions she files must be carefully crafted to request the relief she seeks, and only the relief she seeks. Docket No. 98 at 2. Further, the Court warned Plaintiff that any violations of this order in the future may subject her to sanctions. *Id*. As the instant motion was filed immediately after the Court's prior order issued, the Court will not issue an order to show cause as to why Plaintiff should not be sanctioned for violating the Court's order. The Court, however, again ADMONISHES Plaintiff and ORDERS that she must carefully craft her motions to request only the relief she seeks. Any violation of this order will result in an order to show cause as to why she should not be sanctioned.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion (Docket No. 100) is **GRANTED** to the extent that the Clerk of Court shall issue a blank subpoena on form AO 88A, and mail it to Plaintiff.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff requests any relief other than the issuance of a blank subpoena, that request is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff must carefully craft any future motions to request the relief she seeks and only the relief she seeks, and must not include allegations against people or companies that are not relevant to the particular relief she seeks in her motion.

IT IS SO ORDERED.

DATED: February 5, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The Court expresses no opinion as to whether the subpoena requested is appropriate and/or timely. Nothing in this shall order be construed as preventing the subpoena recipient from filing any motions he deems appropriate.

2