## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| IRMA MENDEZ,  ) | |
|  ) | |
| Plaintiff,  ) | 2:15-cv-00314-RCJ-NJK |
|  ) | |
| vs.  ) | |
|  ) | **ORDER** |
| FIESTA DEL NORTE HOME OWNERS  ) ASSOCIATION et al.,  ) | |
|  ) | |
| Defendants.  ) | |

This case arises out of a homeowners' association foreclosure sale. Pending before the Court is a Motion to Amend (ECF No. 103). For the reasons given herein, the Court grants the motion in part.

## I.    FACTS AND PROCEDURAL HISTORY

In 2005, Plaintiff Irma Mendez purchased a piece of real property (the "Property") for $315,000, giving the lender a promissory note for $252,792 and a deed of trust against the Property securing the note. (*See* Compl. ¶¶6, 18–19, ECF No. 1). Defendant Alessi & Koenig, on behalf of Defendant Fiesta Del Notre HOA (the "HOA"), caused to be recorded a notice of delinquent assessment lien on March 13, 2013, caused to be recorded a notice of default and election to sell under homeowners association lien on July 5, 2013, and caused to be recorded a

trustee's deed upon sale on March 3, 2014 after a trustee's sale to Absolute Business Solutions, Inc. ("ABS"). (*See id.* ¶¶ 26–30).

Plaintiff sued Alessi & Koenig, the HOA, Complete Management Co., LLC ("CMC"), ABS, and Amir Hujjuttallah in this Court *in pro se* on eight causes of action: (1) wrongful foreclosure; (2) violations of constitutional rights; (3) Nevada Unfair Trade Practices Act ("NUTPA"); (4) Fair Debt Collection Practices Act ("FDCPA"); (5) Fraud; (6) Unjust Enrichment; (7) Racketeering; and (8) Breach of Contract and Fiduciary Duties.  CMC moved to dismiss for failure to state a claim, and the HOA and Alessi & Koenig joined the motion.  ABS and Hujjuttallah separately moved to dismiss under *Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1942), and the HOA joined the motion.  The Court denied the second motion but granted the first motion in part, with leave to amend in part.  Specifically, the Court dismissed the claims for unjust enrichment, racketeering, breach of fiduciary duty, and the claims under Nevada Revised Statutes sections ("NRS") 598.0915(1) and (15), 42 U.S.C. § 1983, and 15 U.S.C. §§ 1692f(6), 1692g(c), 1692i(b), and 1692k, without leave to amend.  The Court dismissed the claim for fraud and the claims under 15 U.S.C. §§ 1692d, 1692e, and 1692j(a), with leave to amend.  The Court refused to dismiss the claims for wrongful foreclosure and breach of contract and the claims under NRS 598A.060(1)(12) and 15 U.S.C. § 1692f(1).

Plaintiff filed the First Amended Complaint ("FAC"), listing five causes of action: (1) wrongful foreclosure; (2) NUTPA; (3) FDCPA; (4) Fraud; and (5) Breach of Contract.  CMC filed two identical (or nearly identical) motions to dismiss the FAC, and the HOA joined the first motion.  Alessi & Koenig filed a separate motion to dismiss, which the HOA joined.  The Court denied the motions as against the wrongful foreclosure claim, based on Plaintiff's allegations that Defendants wrongfully rejected her attempt to redeem the default before the foreclosure sale.

The Court denied the motions as against the claim of bid rigging under NRS 598A.060(1)(12), based on Plaintiff's allegation that the foreclosure sale occurred in the private offices of the auctioneer for approximately 10% of the Property's fair market value.  Plaintiff also alleged violations of 15 U.S.C. §§ 1692d, 1692f, and 1692g.  The Court dismissed the claims under §§ 1692d and 1692g and dismissed the § 1692f claim as against CMC but not as against the HOA or Alessi & Koenig.  The Court dismissed the fraud claim.  Finally, the Court permitted the breach of contract claim to proceed as against the HOA, based on Plaintiff's allegations that the HOA failed to obtain the consent of 2/3 of homeowners in the HOA before pursuing foreclosure as required by the CC&R.  Plaintiff has moved to amend again.

## II.      DISCUSSION

The proposed second amended complaint ("PSAC") appears to list the same causes of action that the Court has permitted to proceed under the FAC, with the addition of a claim for declaratory judgment.  The PSAC also lists additional defendants Absolute Collection Services, LLC ("ACS"), Kendrall Williams, Jimijack Irrevocable Trust (the "Trust"), Joel A. Stokes, and Sandra F. Stokes.  Plaintiff argues that the Stokeses and the Trust are the current record owners of the Property.  Williams is alleged to be the owner of CMC and the person who placed the lien on the Property via his other company ACS, the final Defendant proposed to be added.  No party has opposed the motion.  The Court will therefore grant the motion, except that the Court will not permit the addition of the declaratory judgment claim, as that claim is redundant with the other underlying claims.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Amend (ECF No. 103) is GRANTED IN PART.  Plaintiff may file the PSAC (as amended to remove the claim for declaratory judgment) as the Second Amended Complaint within fourteen (14) days of the entry of this Order into the electronic docket.

IT IS SO ORDERED.

DATED: March 30, 2016.

_____
ROBERT C. JONES
United States District Judge