1

2

3

4

5        **UNITED STATES DISTRICT COURT**

6        **DISTRICT OF NEVADA**

7

8    IRMA MENDEZ,                          )
                                           )        Case No. 2:15-cv-00314-RCJ-NJK
9                    Plaintiff,            )
                                           )        ORDER DENYING MOTION TO
10   vs.                                   )        COMPEL
                                           )
11   FIESTA DEL NORTE HOME OWNERS          )        (Docket No. 109)
     ASSOCIATION, et al.,                  )
12                                         )
                     Defendants.           )
13   _____)

14        Pending before the Court is Plaintiff's Motion to Compel Discovery, for Leave to Serve

15   Additional Discovery Requests, and for Sanctions Against Amir Hujjutallah.  Docket No. 109.  The

16   Court finds the motion to have a threshold defect that requires that it be **DENIED** without prejudice as

17   discussed more fully below.[1]

18        The Court's initial inquiry regarding a motion to compel is whether the movant made adequate

19   meet and confer efforts.  Federal Rule of Civil Procedure 37(a)(2)(B) requires that a "party bringing a

20   motion to compel discovery must include with the motion a certification that the movant has in good

21   faith conferred or attempted to confer with the nonresponsive party."  Similarly, Local Rule 26-7(b)

22   provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached

23   thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been

24   able to resolve the matter without Court action."

25   _____

26        [1]Plaintiff additionally requested numerous types of relief in one motion.  Docket No. 109.  In
     accordance with Special Order 109, a separate document must be filed for each type of document or purpose.
27   In the event that Plaintiff chooses to refile her motion, she must file a separate motion for each type of relief
28   requested.

1    Judges in this District have previously held that "personal consultation" means the movant must

2    "personally engage in two-way communication with the nonresponding party to meaningfully discuss

3    each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc.*

4    *v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).   The consultation obligation

5    "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and

6    focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151

7    F.R.D. 118, 120 (D.Nev.1993).   To meet this obligation, parties must "treat the informal negotiation

8    process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery

9    disputes."  *Id*.   This is done when the parties "present to each other the merits of their respective

10   positions with the same candor, specificity, and support during the informal negotiations as during the

11   briefing of discovery motions." *Id*.   To ensure that parties comply with these requirements, movants

12   must file certifications that "accurately and *specifically* convey to the court who, where, how, and when

13   the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D.

14   at 170 (emphasis added).   The Court may look beyond the certification made to determine whether a

15   sufficient meet-and-confer actually took place.  *See, e.g.*, *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL

16   2558219, *1 (D. Nev. June 10, 2013) (quoting *De Leon v. CIT Small Business Lending Corp.*, 2013 WL

17   1907786 (D. Nev. May 7, 2013)).

18   Plaintiff provides no certification, or information at all, regarding meet and confer efforts.  *See*

19   Docket No. 109.  Plaintiff has, therefore, failed to meet her requirement to "accurately and specifically

20   convey to the court who, where, how, and when the respective parties attempted to personally resolve

21   the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

22   Accordingly, for the reasons stated above, Plaintiff's motion, Docket No. 109, is hereby

23   **DENIED** without prejudice.

24   IT IS SO ORDERED.

25   DATED: April 4, 2016.

26

27                                                  _____

28                                                  NANCY J. KOPPE
                                                    United States Magistrate Judge