1

2

3

4

5                     UNITED STATES DISTRICT COURT

6                          DISTRICT OF NEVADA

7    IRMA MENDEZ,                        )        Case No. 2:15-cv-00314-RCJ-NJK
                                         )
8                    Plaintiff,          )        ORDER
                                         )
9    vs.                                 )
                                         )        (Docket No. 114)
10   FIESTA DEL NORTE HOME OWNERS        )
     ASSOCIATION, et al.,                )
11                                       )
                     Defendants.         )
12   _____)

13          Pending before the Court is Plaintiff's motion to reconsider.  Docket No. 114.  Defendants

14   failed to respond.  *See* Docket.  The Court finds that this motion is properly resolved without oral

15   argument.  *See* Local Rule 78-2.

16          Liberally construing Plaintiff's filing, as the Court must under *Hebbe v. Pliler*, 627 F.3d 338

17   (9th Cir. 2010), the Court finds that Plaintiff's motion to reconsider contains two separate and

18   distinct requests.  First, it seeks reconsideration of the Court's denial of Plaintiff's fourth motion to

19   extend the discovery deadline.  For the reasons that follow, that request is **DENIED**.  Second, it

20   seeks relief not previously before the Court: Plaintiff requests a one-day extension of the discovery

21   deadline to encompass a deposition that occurred after the filing of Plaintiff's fourth motion to

22   extend and the Court's leave to conduct Defendant Amir Hujjuttallah's deposition.  For the reasons

23   discussed below, that request is **GRANTED**.

24   **I      BACKGROUND**

25          On February 23, 2015, Plaintiff filed her Complaint.  Docket No. 1.  Defendant Fiesta Del

26   Norte Home Owners Association filed an answer on March 4, 2015, while Defendants Complete

27   Management Company, LLC, Absolute Business Solutions, Inc., and Amir Hujjuttallah first

28   appeared by filing motions to dismiss on March 16 and 20, 2015.  Docket Nos. 11, 14.

On April 17, 2015, the Court entered the scheduling order, setting the discovery cut-off for September 11, 2015.  Docket No. 31 at 2.  On September 11, 2015, the Court granted Plaintiff's motion to extend discovery deadline and extended the discovery deadline to November 10, 2015.  Docket No. 64.  On November 23, 2015, the Court granted Plaintiff's second motion to extend various discovery deadlines and extended the discovery deadline to January 11, 2016.  Docket No. 78.  On  January 5, 2016, the Court granted Plaintiff a third extension of the discovery deadline and extended the discovery deadline to March 3, 2016.  Docket No.  91 (granting motion in part and denying in part).

On February 17, 2016, Plaintiff filed a fourth motion to extend various discovery deadlines, in which she asked the Court to extend some deadlines that had  already expired by six months.  *See* Docket Nos. 104, 105.  She argued that the presumptively reasonable  discovery period of 180 days was inappropriate for her case and that a 12-month discovery period "would have been far more proper[.]"  Docket No. 104 at 2.  Plaintiff submitted that Defendants had been less than cooperative during the discovery process, a basis on which she had previously relied in receiving three prior extensions from the Court.  *Id*. at 3.  Plaintiff made no attempt to establish excusable neglect for her failure to timely request extensions of the long-expired discovery deadlines.  *See, e.g.*, Docket No. 104.

On March 4, 2016, Plaintiff conducted the deposition of Michele Naomi, whom Plaintiff perceives to be a key witness.  Docket No. 114 at 4; *see also* Docket No. 91 at 2 (setting March 3, 2016, discovery deadline).  Plaintiff had noticed Defendant Amir Hujjutallah's deposition for that same day, but he failed to appear.  Docket No. 114 at 7; *see also* Docket No. 114-1 at 6.

On March 10, 2016, the Court denied Plaintiff's fourth motion to extend discovery deadlines.  Docket No. 113.  The Court found that Plaintiff had failed to show good cause to extend the discovery deadlines based on her contention that 180 days, the presumptively reasonable period, was inadequate for her case.  *Id*. at 4.  The Court acknowledged that it had extended the discovery period by 60 days on three separate occasions and, therefore, Plaintiff's contention that the discovery period had lasted 180 days was inaccurate.  *Id.* As a result of the extensions, the instant case, in realty, has

- 2 -

1    enjoyed a discovery period of 360 days, double the presumptively reasonable discovery period. *Id.*

2    (citing Local Rule 26-1(e)(1)).  The Court also found that Plaintiff had failed to address, much less

3    establish, excusable neglect to extend the deadlines that had expired.  *Id.*   Therefore, the Court

4    denied Plaintiff's motion.

5         On March 20, 2016, Plaintiff filed a motion, asking the Court to reconsider its order denying

6    her discovery request.  Docket No. 114.

7    **II.     MOTION TO RECONSIDER**

8         Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence;

9    (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an

10   intervening change in controlling law.  *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir.

11   2003).  Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of

12   finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d

13   877, 890 (9th Cir. 2000) (internal quotation marks omitted).  A motion for reconsideration is

14   properly denied where it presents no new arguments.  *See Backlund v. Barnhart*, 778 F.2d 1386,

15   1388 (9th Cir. 1985).  By the same token, however, it "may not be used to raise arguments or present

16   evidence for the first time when they could reasonably have been raised earlier in the litigation."

17   *Kona Enterprises, Inc*., 229 F.3d at 890.

18        Even liberally construed, Plaintiff's motion to reconsider largely either rehashes the same

19   arguments raised in her initial motion or attempts to raise arguments that should have been raised

20   in her initial motion.  To begin, Plaintiff argues that, in light of various Defendants' dilatory

21   conduct, good cause exists to extend the discovery deadline.  Essentially, this is the same argument

22   that she raised in her first, second, third, and fourth motions to extend.  Docket No. 114 at 3-9; *see,*

23   *e.g.*, Docket No. 104 at 2 (fourth motion to extend); Docket No. 61 at 2 (first motion to extend).

24   Beyond being procedurally improper, this argument is unpersuasive.  Faced with this alleged

25   conduct, Plaintiff does not explain why she failed to pursue other remedies, such as filing a motion

26   to compel, instead of merely continuing to file motions to extend the discovery deadline.  Further,

27   Plaintiff still does not attempt to make the requisite showing of excusable neglect for the deadlines

28                                             - 3 -

1  that had expired.  To the contrary, Plaintiff argues that she did not engage in any sort of neglect.

2  Docket No. 114 at 2, 5.

3          Plaintiff also argues that her extension should have been granted as unopposed under Local

4  Rule 7-2(d).  *See* Docket No. 114 at 9-10.  "While Local Rule 7-2(d), would [have been] an

5  appropriate basis to grant [Plaintiff's] motion," it is within the Court's discretion to "look at the

6  merits."  *Slater v. Astrue*, 2013 WL 3297199 at *1 (D. Nev. June 28, 2013) (denying motion for

7  sanctions despite lack of opposition).  Therefore, the Court did not err in exercising its discretion

8  to reach the merits of Plaintiff's motion, despite Defendants' lack of opposition.

9          Accordingly, Plaintiffs request for reconsideration is **DENIED**.

10 **III.    MOTION TO EXTEND**

11         Plaintiff represents that, after she filed her fourth motion to extend, she conducted the

12 deposition of Ms. Naomi one day after the discovery cut-off.  Docket No. 114 at 4.  She requests an

13 extension of the discovery deadline to "perfect the discovery that was obtained from [that]

14 deposition."  *Id*.  Additionally, Plaintiff requests the opportunity to depose Defendant Hujjutallah

15 in light of his failure to appear at his deposition, which she had noticed for the same day.  *Id*. at 6-8.

16 Because these events occurred after the filing of Plaintiff's fourth motion to extend, they were not

17 previously before the Court.  Accordingly, the normal motion to extend standards apply to these

18 requests.

19         To prevail on a request to amend a scheduling order under Rule 16(b), a movant must

20 establish "good cause" for doing so.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-

21 09 (9th Cir. 1992); *see also* Local Rule 26-4.  The good cause inquiry focuses primarily on the

22 movant's diligence.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000).

23 Good cause to extend the discovery cutoff exists "if it cannot reasonably be met despite the diligence

24 of the party seeking the extension."  *Johnson*, 975 F.2d at 609.  Plaintiff diligently attempted to

25 obtain Ms. Naomi's deposition.  Docket No. 114 at 4, 6. Plaintiff represents that she made numerous

26 attempts to coordinate with her opposing counsel to depose Ms. Naomi.  Docket No. 114 at 4. When

27 these efforts failed, Plaintiff subpoenaed Ms. Naomi well before the close of the discovery period,

28                                              - 4 -

1    on February 10, 2016.  Docket No. 106 at 1.  Ms. Naomi, however, was only available on March 4,

2    2016.  Docket No. 114 at 4.  Thus, good cause exists to extend the discovery deadline by one day.

3         Additionally, "all motions or stipulations to extend a deadline set forth in the discovery plan

4    shall be received by the Court no later than twenty-one (21) days before the expiration of the subject

5    deadline."  Local Rule 26-4.  Late motions or stipulations "shall not be granted unless the movant

6    demonstrates that the failure to act was the result of excusable neglect."  *Id.* Excusable neglect

7    'encompass[es] situations in which the failure to comply with a filing deadline is attributable to

8    negligence,' . . . and includes 'omissions caused by carelessness.'"  *Lemoge v. United States*, 587 F.3d

9    1188, 1192 (9th Cir. 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380,

10   394 (1993) (internal citations omitted).  "The determination of whether neglect is excusable is an

11   equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party;

12   (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay;

13   and (4) whether the movant acted in good faith."  *Bateman v. U.S. Postal Service*, 231 F.3d 1220,

14   1223–24 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd.*

15   *Partnership*, 507 U.S. 380, 395 (1993)).  The determination of whether neglect is excusable is

16   ultimately an equitable one, taking account of all relevant circumstances surrounding the party's

17   omission.  *Pioneer*, 507 U.S. at 395.  This equitable determination is left to the discretion of the

18   district court.  *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

19        Taking account of all relevant circumstances surrounding Plaintiff's omission, the Court

20   finds that Plaintiff made an adequate showing of excusable neglect to warrant extending the

21   discovery deadline by one day.  There is no evidence that Plaintiff acted in bad faith; a one-day

22   extension will have minimal impact on the proceedings; and the opposing parties have failed to show

23   they would be prejudiced by such an extension.  Accordingly, Plaintiff's request to extend the

24   discovery deadline one day to encompass her deposition of Ms. Naomi is **GRANTED**.

25        Regarding the deposition of Defendant Hujjutallah, the Court finds that Plaintiff has shown

26   both good cause and excusable neglect to obtain the Court's leave to conduct his deposition outside

27   of the discovery deadline.  *Wilson v. Republic Servs. of S. Nevada*, 2012 WL 528226 at *3 (D. Nev.

28                                              - 5 -

Feb. 17, 2012).  Like the *Wilson* deponent, Defendant Hujjuttallah has failed to appear at multiple

depositions.  Docket No. 114 at 6-7 (providing that Defendant Hujjuttallah unilaterally cancelled

depositions set for October 23, 2015, and March 4, 2016).  As a result, Plaintiff has been unable to

conduct this deposition, despite her diligent attempts to do so.  Plaintiff's delay in filing her motion

to reconsider, which the Court construes in part as a motion to extend, is therefore excusable.

*Wilson,* 2012 WL 528226 at *2 (finding movant's neglect to be excusable because *pro se* deponent

unilaterally cancelled multiple depositions).

As in *Wilson*, the Court finds that an extension of discovery is not necessary and will grant

Plaintiff leave to conduct Defendant Hujjuttallah's deposition after the close of discovery. *Id*. at *3.

Defendant Hujjuttallah is ordered to appear at a deposition to be noticed by Plaintiff, no later than

June 1, 2016.  Defendant  Hujjuttallah is put on notice that he is not excused from complying with

the Federal Rules of Civil Procedure.  *See Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th

Cir.1986) (holding that *pro se* parties are not excused from following the rules and orders of the

court).  Failure to appear at this deposition may result in sanctions pursuant to Rule 37(d), Rule

37(b), and/or Local Rule IA 4-1.

### III.      CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Docket No. 114)

is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request to extend the discovery one day to

encompass the March 4, 2016, deposition of Michele Naomi is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Hujjuttallah shall appear at a deposition to

be noticed by Plaintiff, no later than June 1, 2016.  Failure to appear on the date and time noticed

may result in sanctions pursuant to Rule 37(d), Rule 37(b), and/or Local Rule IA 4-1.

IT IS SO ORDERED.

DATED: April 26, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

- 6 -