**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

IRMA MENDEZ,

        Plaintiff,

vs.

FIESTA DEL NORTE HOME OWNERS ASSOCIATION et al.,

        Defendants.

2:15-cv-00314-RCJ-NJK

**ORDER**

This case arises out of a homeowners' association foreclosure sale. Pending before the Court are counter motions for summary judgment.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Irma Mendez, a California resident, purchased an investment property in North Las Vegas, Nevada ("the Property") for $315,000, giving the lender a promissory note for $252,792 and an attendant deed of trust ("the DOT") against the Property. Alessi & Koenig, LLC ("A&K"), on behalf of Fiesta Del Notre Homeowners Association ("the HOA"), sold the Property to Absolute Business Solutions, Inc. ("ABS") under Nevada Revised Statutes ("NRS") Chapter 116.

Plaintiff sued A&K, the HOA, Complete Association Management Co., LLC ("CAMCO"), ABS, and Amir Hujjuttallah in diversity in this Court *in pro se* on eight causes of

action: (1) wrongful foreclosure; (2) violations of constitutional rights; (3) Nevada Unfair Trade Practices Act ("NUTPA"); (4) Fair Debt Collection Practices Act ("FDCPA"); (5) Fraud; (6) Unjust Enrichment; (7) Racketeering; and (8) Breach of Contract and Fiduciary Duties. CAMCO moved to dismiss for failure to state a claim, and the HOA and A&K joined the motion. ABS and Hujjuttallah separately moved to dismiss under *Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1942), and the HOA joined the motion. The Court denied the second motion but granted the first motion in part, with leave to amend in part. Specifically, the Court dismissed the claims for unjust enrichment, racketeering, breach of fiduciary duty, and the claims under NRS sections 598.0915(1) and (15), 42 U.S.C. § 1983, and 15 U.S.C. §§ 1692f(6), 1692g(c), 1692i(b), and 1692k, without leave to amend. The Court dismissed the claim for fraud and the claims under 15 U.S.C. §§ 1692d, 1692e, and 1692j(a), with leave to amend. The Court refused to dismiss the claims for wrongful foreclosure and breach of contract and the claims under NRS section 598A.060(1)(12) and 15 U.S.C. § 1692f(1).

Plaintiff filed the First Amended Complaint ("FAC"), listing five causes of action: (1) wrongful foreclosure; (2) NUTPA; (3) FDCPA; (4) Fraud; and (5) Breach of Contract. CAMCO filed two motions to dismiss the FAC, and the HOA joined the first motion. A&K filed a separate motion to dismiss, which the HOA joined. The Court denied the motions as against the wrongful foreclosure claim, based on Plaintiff's allegations that Defendants wrongfully rejected her attempt to redeem the default before the foreclosure sale. The Court denied the motions as against the claim of bid rigging under NRS section 598A.060(1)(a)(12), based on Plaintiff's allegation that the foreclosure sale occurred in the private offices of the auctioneer for approximately 10% of the Property's fair market value. Plaintiff also alleged violations of 15 U.S.C. §§ 1692d, 1692f, and 1692g. The Court dismissed the claims under §§ 1692d and 1692g

and dismissed the § 1692f claim as against CAMCO but not as against the HOA or A&K. The Court dismissed the fraud claim. Finally, the Court permitted the breach of contract claim to proceed as against the HOA, based on Plaintiff's allegations that the HOA failed to obtain the consent of two thirds of unit owners in the HOA before pursuing foreclosure as required by the Covenants, Conditions and Restrictions ("the CC&R").

The Court granted a motion to amend the FAC in part, and Plaintiff filed the Second Amended Complaint ("SAC"), listing four causes of action: (1) wrongful foreclosure (the HOA, CAMCO, A&K, Absolute Collection Services, LLC ("ACS")); (2) NUTPA bid rigging (A&K, Kendrall Williams, ABS, Hujjutallah); (3) FDCPA § 1692f (the HOA, A&K); and (4) Breach of Contract (the HOA). Plaintiff moved for offensive summary judgment on the FDCPA claim, and the HOA moved for defensive summary judgment against that claim. Three groups of Defendants and "indispensable parties" (as named in the SAC) separately moved to dismiss. The Court dismissed Williams, the Jimijack Irrevocable Trust, Joel and Sandra Stokes, and ACS from the action and granted summary judgment to the HOA against the FDCPA claim.

In summary, the remaining claims are: (1) wrongful foreclosure (the HOA, CAMCO, A&K); (2) NUTPA bid rigging (A&K, ABS, Hujjutallah); (3) FDCPA § 1692f (A&K); and (4) Breach of Contract (the HOA).[1] A&K has filed for bankruptcy protection, so the action is

---

1 The Court has consolidated the present action with two other related cases that are now closed. The first case, No. 2:15-cv-1325, was a quiet title action brought by ABS. The Federal National Mortgage Association and the Federal Housing Finance Agency intervened, and the Court granted them summary judgment, ruling that the DOT survived the HOA foreclosure sale under *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016). The second case, No. 2:16-cv-1077, was a quiet title action brought by Plaintiff that listed several other statutory and common law torts. The Court granted several motions to dismiss and closed the case when the parties informed the Court at a status conference that no claims remained. Plaintiff has filed motions to reconsider and for summary judgment in that case, arguing that she was not able to attend the status conference and that the claims for quiet title and slander of title remain against Joel and Sandra Stokes, as trustees of the Jimijack Irrevocable Trust. Defendants

presumably stayed as against A&K. The HOA and CAMCO have moved for defensive summary judgment against the wrongful foreclosure and breach of contract claims. Plaintiff has filed a countermotion for offensive summary judgment.

## II. SUMMARY JUDGMENT STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

---

in that case have moved for entry of judgment. The Court will address the pending motions in that case in a separate order when fully briefed.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the nonmoving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even if the underlying claim contains a reasonableness test, where a party's evidence is so clearly

contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

## III. ANALYSIS

### A. Wrongful Foreclosure

The Court previously refused to dismiss this claim because Plaintiff alleged CAMCO had wrongfully rejected her tender of delinquent assessments. The HOA and CAMCO have now adduced an excerpt of Plaintiff's deposition wherein she admitted she remained delinquent on her HOA dues as of the date of the foreclosure sale and intended to permit the foreclosure to occur. (*See* Mendez Dep. 95:10–96:14, ECF No. 185, at 15, 23–24). The HOA and CAMCO have therefore satisfied their initial burden on summary judgment to negate an essential element of Plaintiff's wrongful foreclosure claim, i.e., that there was no default when the foreclosure sale occurred.

Plaintiff has not adduced evidence in opposition creating a genuine issue of fact as to this material issue. Plaintiff has adduced deposition excerpts that she claims indicate she mailed payments to CAMCO within a time frame such that her account should not yet have been sent to collections but that CAMCO rejected the payments. (*See* Opp'n 4–5, ECF No. 188; Dep. 84–85, ECF No. 188-1, at 11; Dep. 35–37, ECF No. 188-1, at 13). She therefore argues that her tender was wrongfully rejected. But neither deposition excerpt is properly authenticated. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) ("A deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent."). Because the deposition excerpts do not contain the names of the deponents and a reporter's certification, the Court cannot consider them.

### B. Breach of Contract

The Court previously refused to dismiss this claim because Plaintiff alleged the CC&R required the HOA to obtain the consent of two thirds of unit owners before foreclosing but had not done so. The HOA has now adduced a copy of the CC&R. (*See* CC&R, ECF No. 185, at 44). The CC&R require 67% consent of owners (or first mortgagees) before the HOA may take certain actions, but foreclosure against a unit is not among the actions listed. (*See id.* 48–49, para. 11(d)(1)–(8), ECF No. 185, at 96–97). The HOA has therefore satisfied its initial burden on summary judgment to negate an essential element of Plaintiff's breach of contract claim, i.e., the breach of a term of the CC&R.

Plaintiff has not adduced evidence in opposition creating a genuine issue of fact as to this material issue. Rather, she argues for the first time that the HOA's Board of Directors ("the Board") was required to establish a quorum and obtain a majority vote before deciding to foreclose on her home. Because there were three members of the Board, she argues, at least two of them were required to meet and decide to foreclose. Plaintiff appears to be correct as to what the CC&R require. (*See* CC&R para. 4.10, ECF No. 188-2, at 16). But Plaintiff has adduced no evidence of lack of a quorum or majority vote as to the decision to foreclose on the Property. She simply speculates that because only one member of the Board (Treasurer Doug Dobyne) signed the authorization form for A&K to foreclose, that he must have made the decision to do so alone. That does not follow, and no evidence is adduced indicating that happened. The authorization form Plaintiff herself adduces indicates that Dobyne signed beneath a statement that the HOA had authorized him to do so. (*See* Authorization Form, ECF No. 188-3, at 2).

///

///

### C. Remaining Claims

Except for the stayed claims against A&K, the only claim remaining in the consolidated cases appears to be the bid rigging claim under NRS section 598A.060(1)(a)(12) against ABS and Hujjutallah in the present case. "Bid rigging" includes "the misuse of bid depositories, foreclosures of competitive activity for a period of time, rotation of jobs among competitors, submission of identical bids, and submission of complementary bids not intended to secure acceptance by the customer." Nev. Rev. Stat. § 598A.060(1)(a)(12). Plaintiff presumably bases her claim on a theory that ABS participated in a non-competitive auction for the Property. However, she does not argue this claim in her present motion. Moreover, Plaintiff attaches no evidence as to this claim. She has the burden of proof on the claim, and she would not be entitled to a directed verdict at trial without any evidence. She has therefore not satisfied her initial burden on summary judgment. This claim and the stayed claims against A&K remain for trial.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 185) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 192) is DENIED.

IT IS SO ORDERED.

Dated January 16, 2018.

_____
ROBERT C. JONES
United States District Judge