# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

IRMA MENDEZ,

   Plaintiff,

vs.

FIESTA DEL NORTE HOME OWNERS ASSOCIATION et al.,

   Defendants.

2:15-cv-00314-RCJ-NJK

**ORDER**

This case arises out of a homeowners' association foreclosure sale. Pending before the Court are two motions for attorney's fees.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Irma Mendez, a California resident, purchased an investment property in North Las Vegas, Nevada ("the Property") for $315,000, giving the lender a promissory note for $252,792 and an attendant deed of trust ("the DOT") against the Property. Alessi & Koenig, LLC ("A&K"), on behalf of Fiesta Del Notre Homeowners Association ("the HOA"), sold the Property to Absolute Business Solutions, Inc. ("ABS") under Nevada Revised Statutes ("NRS") Chapter 116.

Plaintiff sued A&K, the HOA, Complete Association Management Co., LLC ("CAMCO"), ABS, and Amir Hujjuttallah in diversity in this Court *in pro se* on eight causes of

action: (1) wrongful foreclosure; (2) violations of constitutional rights; (3) Nevada Unfair Trade Practices Act ("NUTPA"); (4) Fair Debt Collection Practices Act ("FDCPA"); (5) Fraud; (6) Unjust Enrichment; (7) Racketeering; and (8) Breach of Contract and Fiduciary Duties. CAMCO moved to dismiss for failure to state a claim, and the HOA and A&K joined the motion. ABS and Hujjuttallah separately moved to dismiss under *Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1942), and the HOA joined the motion. The Court denied the second motion but granted the first motion in part, with leave to amend in part. Specifically, the Court dismissed the claims for unjust enrichment, racketeering, breach of fiduciary duty, and the claims under NRS sections 598.0915(1) and (15), 42 U.S.C. § 1983, and 15 U.S.C. §§ 1692f(6), 1692g(c), 1692i(b), and 1692k, without leave to amend. The Court dismissed the claim for fraud and the claims under 15 U.S.C. §§ 1692d, 1692e, and 1692j(a), with leave to amend. The Court refused to dismiss the claims for wrongful foreclosure and breach of contract and the claims under NRS section 598A.060(1)(12) and 15 U.S.C. § 1692f(1).

Plaintiff filed the First Amended Complaint ("FAC"), listing five causes of action: (1) wrongful foreclosure; (2) NUTPA; (3) FDCPA; (4) Fraud; and (5) Breach of Contract. CAMCO filed two motions to dismiss the FAC, and the HOA joined the first motion. A&K filed a separate motion to dismiss, which the HOA joined. The Court denied the motions as against the wrongful foreclosure claim, based on Plaintiff's allegations that Defendants wrongfully rejected her attempt to redeem the default before the foreclosure sale. The Court denied the motions as against the claim of bid rigging under NRS section 598A.060(1)(a)(12), based on Plaintiff's allegation that the foreclosure sale occurred in the private offices of the auctioneer for approximately 10% of the Property's fair market value. Plaintiff also alleged violations of 15 U.S.C. §§ 1692d, 1692f, and 1692g. The Court dismissed the claims under §§ 1692d and 1692g

and dismissed the § 1692f claim as against CAMCO but not as against the HOA or A&K. The Court dismissed the fraud claim. Finally, the Court permitted the breach of contract claim to proceed as against the HOA, based on Plaintiff's allegations that the HOA failed to obtain the consent of two thirds of unit owners in the HOA before pursuing foreclosure as required by the Covenants, Conditions and Restrictions ("the CC&R").

The Court granted a motion to amend the FAC in part, and Plaintiff filed the Second Amended Complaint ("SAC"), listing four causes of action: (1) wrongful foreclosure (the HOA, CAMCO, A&K, Absolute Collection Services, LLC ("ACS")); (2) NUTPA bid rigging (A&K, Kendrall Williams, ABS, Hujjutallah); (3) FDCPA § 1692f (the HOA, A&K); and (4) Breach of Contract (the HOA). Plaintiff moved for offensive summary judgment on the FDCPA claim, and the HOA moved for defensive summary judgment against that claim. Three groups of Defendants and "indispensable parties" (as named in the SAC) separately moved to dismiss. The Court dismissed Williams, the Jimijack Irrevocable Trust, Joel and Sandra Stokes, and ACS from the action and granted summary judgment to the HOA against the FDCPA claim.

At that point, the remaining claims were: (1) wrongful foreclosure (the HOA, CAMCO, A&K); (2) NUTPA bid rigging (A&K, ABS, Hujjutallah); (3) FDCPA § 1692f (A&K); and (4) Breach of Contract (the HOA). A&K filed for bankruptcy protection. The HOA and CAMCO moved for defensive summary judgment against the wrongful foreclosure and breach of contract claims. Plaintiff filed a countermotion for offensive summary judgment. The Court granted Defendants' motion and denied Plaintiff's, noting that the bid rigging claim under NRS section 598A.060(1)(a)(12) against ABS and Hujjutallah, as well as the stayed claims against A&K remained for trial. The HOA and CAMCO have now separately moved for attorney's fees.

///

## II. DISCUSSION

Movants appear to base their entitlement to fee shifting on 28 U.S.C. § 1927. The only controlling authority they have cited is *Ry. Express, Inc. v. Piper*, 447 U.S. 752 (1980), which concerned costs for vexatious multiplication of proceedings under § 1927 and discovery sanctions under Rule 37. Section 1927 applies to *pro se* litigants. *Wages v. IRS*, 915 F.2d 1230, 1235–36 (9th Cir. 1990).

The Court permitted some claims to proceed to summary judgment against Movants. And the wrongful foreclosure claim against Movants may have survived summary judgment if Plaintiff had managed to marshal some evidence to support it. In opposition to summary judgment, Plaintiff adduced deposition excerpts that she claimed indicated she mailed payments to CAMCO within a time frame such that her account should not have been sent to collections but that CAMCO (as the HOA's agent) rejected the payments. (*See* Opp'n 4–5, ECF No. 188; Dep. 84–85, ECF No. 188-1, at 11; Dep. 35–37, ECF No. 188-1, at 13). If admissible, that evidence might have shown a wrongful rejection of tender, but the Court could not consider the unauthenticated evidence. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002).

Under these circumstances, the Court cannot say the claims against Movants were altogether frivolous so as to support fee shifting under § 1927. Nor were the claims vexatious. Movants note there are three cases pending in this Court related to the Property. But Plaintiff brought only two of the three cases. She is a defendant in the third case. Moreover, Movants are only Defendants in the present, first-filed case and cannot claim to be the victims of vexatious litigation by Plaintiff where Plaintiff has only filed claims against them in one action and where at least one of those claims nearly survived summary judgment.

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions for Attorney's Fees (ECF Nos. 200, 201) are DENIED.

IT IS SO ORDERED.

Dated this 17th day of May, 2018.

_____
ROBERT C. JONES
United States District Judge